FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D20-0861
_____

JOSEPH HERRING,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Liberty County.
Robert R. Wheeler, Judge.

September 28, 2022

LONG, J.

Following his admission to multiple violations of his probation, Herring now appeals the revocation of his probation and resulting sentence. He asserts that the trial court erred by relying on impermissible considerations in revoking probation and imposing the sentence. We affirm.

After completing his prison sentence for a DUI manslaughter conviction, Herring was released in 2017 and began a four-year probation term. Herring then violated his probation by failing to report to his probation officer and testing positive for illegal drugs. Herring then entered a written admission, acknowledging that he willfully violated the terms of his probation. At the probation violation hearing, the court found that the nature of Herring's

violations demonstrated he "was not a good candidate for probation."

Even where a defendant enters an admission, he can still challenge a sentencing error if properly preserved. Herring argues there was a sentencing error; but his claim is not preserved. Sentencing errors may not be raised on appeal unless the appellant objected to the error at the time of sentencing or timely filed a motion under Florida Rule of Criminal Procedure 3.800(b). Fla. R. App. P. 9.140(e); *see also Jackson v. State,* 983 So. 2d 562, 565 (Fla. 2008). Herring did neither.

Nevertheless, Herring's primary argument is to quibble with the trial court's characterization of his violations as "blatant." Herring claims there is not sufficient evidence to support this finding and that the court must have relied on some impermissible considerations in reaching it. But this is not a legal finding at all. It is not required for the revocation, or the sentence imposed. It is a passing comment explaining the court's general evaluation and perception of the case. And the comment was not out of the blue— it came after Herring admitted to intentionally violating his probation by using illegal drugs and failing to contact his probation officer for an extended period. This was far from error. We reject Herring's additional arguments without further discussion.

AFFIRMED.

RAY and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

2

Ashley Moody, Attorney General, and Jovona I. Parker, Assistant Attorney General, Tallahassee, for Appellee.